15084.   COLUMBUS ELECTRIC & POWER COMPANY *v.* WHEAT.

JENKINS, P. J.   1.   This case involves the same transaction involved in the case of *Central of Ga. Ry. Co.* v. *Wheat,* 32 *Ga. App.* 151 (122 S. E. 794), and the general and special demurrers of the electric-railway company to the petition present the same questions relating to misjoinder of parties and of causes of action as were determined adversely to the railway company in that case. It was not contended, under the general grounds of demurrer, that the petitions failed to set forth a cause of action for any reasons except the alleged misjoinders, these questions being specifically raised by both the general and special demurrers.

2. The 10th paragraph of the petition alleges: "At said time and place the street-car in which plaintiff was a passenger was what is known as a 'one-man' car,—that is, a car operated and controlled by only one person, who performs the duties and services usually performed by the motorman and conductor; said motorman-conductor who was in charge of said car at said time allowed passengers to enter and leave said car, collected fares, operated the mechanical devices by which said car was propelled, and was in general and exclusive charge of said car." The

17th paragraph alleges: "that there was on February 13, 1923, a valid and existing ordinance of the City of Columbus, which ordinance was at said time in full force and effect, and which, so far as material hereto, provided as follows: "Sec. 2. It shall be unlawful for any street-railroad company, or any employee thereof, to run or operate any street-car over and across any railroad track or tracks, commercial or street-railroad, before first bringing said street-car to a full stop at a point not less than twenty feet from the nearest rail of said track about to be crossed, and *before such crossing the conductor in charge of said street-car shall precede his car, and under no circumstances shall he allow said car to proceed until he has looked in both directions for the approach of engine or engines and cars upon such intersecting railroad track or tracks."* The 25th paragraph, in specifying alleged acts of negligence on the part of the electric company, causing the collision between the street-car and the train, alleges negligence "in the motorman-conductor in charge of defendant electric-company's street-car, not preceding said street-car across said intersecting track of said railway company;" and "in said motorman-conductor in charge of defendant electric-company's said street-car, not looking in both directions for the approach of engine or engines and cars upon such intersecting track of said railway company." The defendant filed no demurrer to paragraph 10 describing the method of operating the car by one man as both motorman and conductor, or to paragraph 25 specifying the acts of negligence, but did demur specially to the italicized language from the ordinance quoted in paragraph 17, "because said petition shows on its face that said ordinance is a penal ordinance and should be strictly construed, and that said defendant . . had no conductor in charge of its car at the time and place set out in said petition, and said petition shows on its face that said ordinance does not apply to the one-man car alleged in said petition, and the allegations setting out said ordinance are harmful to this defendant and should be stricken from said petition." *Held:* The portion of the ordinance attacked makes two requirements of the "street-railroad company or any employee thereof,"—(1) that "the conductor in charge of said street-car shall precede his car" before crossing a railroad track, and (2) that he shall not "allow said car to proceed until he has looked in both directions for the approach of engine or engines and cars upon such intersecting track or tracks." It is insisted that, as it was a physical impossibility for only one man, in charge of an electric-car as both motorman and conductor, to precede the car and at the same time propel it across the track, the italicized portion of the ordinance did not apply to the car in question, and should be stricken. As to special demurrers moving "to strike . . entire paragraphs as being immaterial and impertinent," it has been held that where "some of the allegations in each paragraph criticized were not open to this objection, the court did not err in refusing to strike the entire paragraph." *Southern Ry. Co.* v. *Phillips,* 136 *Ga.* 282 (1), 285 (71 S. E. 414). While the special demurrer in the instant case does not point out a particular portion of a paragraph and ordinance as objectionable, and the question here is therefore somewhat different from that in the case cited, the demurrer does not segregate the alleged objectionable part from an unobjectionable part of the ordinance, but moves to strike the italicized

language as a whole. In view of the acts of negligence charged in the 25th paragraph as to neither of which is the paragraph attacked, and the facts that, even conceding, as insisted, that it would be a physical impossibility for a lone operator of a one-man street-car to observe the first of the requirements of the ordinance in preceding his own car across the railroad track, no such impossibility could exist with reference to the requirement that he should "look in both directions for the approach" of engines or trains before allowing his car to proceed. Since such latter portion of the ordinance was pertinent to the omission in that respect which is charged as an act of negligence, and the special demurrer attacks this portion with the other portion, in moving to strike them as a whole, without specifying the objectionable part, this ground of special demurrer was properly overruled.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 17, 1924.

Action for damages; from Muscogee superior court—Judge Munro. September 26, 1923.

*Frank U. Garrard, A. S. Bradley,* for plaintiff in error.

*McLaughlin & Foley,* contra.